990 So.2d 1122 (2008)
Joseph WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-5535.
District Court of Appeal of Florida, First District.
August 7, 2008.
Rehearing Denied September 25, 2008.
Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this appeal, filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant Joseph Williams challenges his conviction, following a jury trial, on one count of robbery with a weapon, one count of carjacking with a weapon, one count of aggravated battery, and one count of simple carjacking. We affirm appellant's convictions and sentences, on all counts. We write to clarify that a carjacking can occur even though the defendant is not driving the car.
The evidence presented at trial showed that appellant carjacked two separate victims, Joshua Sausville and Treleasia Hunter. In the first case, appellant jumped into the front passenger seat of Mr. Sausville's taxi cab, pulled a small knife, and ultimately ordered Mr. Sausville to drive. In the second case, later the same night, appellant jumped into Ms. Hunter's back seat, and also ordered her to drive. Both victims testified at trial that they followed *1123 appellant's instructions because they were afraid of what he might do if they did not comply.
In the trial, appellant moved for a judgment of acquittal on both carjacking charges. He asserted there was no evidence he took possession or control of either Mr. Sausville's or Ms. Hunter's car, as required by statute. The trial court denied the motion.
Section 812.133, Florida Statutes, provides:
"Carjacking" means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
See § 812.133(1), Fla. Stat. (2006) (emphasis added). We agree with the trial court and hold that the defendant need not be in physical control of the vehicle during the commission of the offense. It is enough that the defendant obtains control over the driver of the vehicle through force or violence, threats of force or violence, or by putting the driver in fear. See, e.g., People v. Green, 228 Mich.App. 684, 580 N.W.2d 444, 450 (1998) (holding that the evidence was sufficient to sustain a carjacking charge, where the evidence showed the victims remained in the car throughout the duration, and ultimately left with the car after Green departed; "for purposes of the crime of carjacking, we conclude that a defendant `takes' a motor vehicle `from' another when he acquires possession of the motor vehicle through force or violence, threat of force or violence, or by putting another in fear."); People v. Duran, 88 Cal.App.4th 1371, 106 Cal.Rptr.2d 812, 816 (2001) (holding that the defendant committed a "felonious taking," under the carjacking statute, when the victim remained with the car, and where the evidence was that Duran entered the victims' car, held a gun to the driver's head, and threatened to kill the entire family if the driver did not keep driving).
Therefore, we affirm appellant's conviction on all counts.
BROWNING, C.J., PADOVANO, and POLSTON, JJ., concur.